*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

VICTOR ORAHA,

Plaintiff-Appellant,

v

TROY MOTORS, INC., doing business as ELDER
FORD,

Defendant-Appellee.

UNPUBLISHED
August 11, 2022

No. 358183
Oakland Circuit Court
LC No. 2020-184962-CD

Before: RIORDAN, P.J., and BORRELLO and LETICA, JJ.

RIORDAN, P.J. (*concurring*).

I concur with the majority that an amended complaint would likely be sufficient to survive a motion for summary disposition under MCR 2.116(C)(8). I separately write to note that, as plaintiff acknowledged in his motion for reconsideration, the vehicle sales at issue were subject to purchase agreements. If those purchase agreements contained a boilerplate merger clause,[1] "the only fraud that could vitiate the contract is fraud that would invalidate the merger clause itself, i.e., fraud relating to the merger clause or fraud that invalidates the entire contract including the merger clause." *Barclae v Zarb*, 300 Mich App 455, 480; 834 NW2d 100 (2013) (citation omitted). In other words, in the absence of those two types of fraud, neither of which are suggested by the facts before us, the purchase agreements would be valid for the respective prices listed therein regardless of any oral negotiations between the salespersons and the prospective buyers. This issue, however, would be properly entertained by the trial court in the context of a motion for summary disposition under MCR 2.116(C)(10), not (C)(8).

---

[1] A merger clause "prohibit[s] consideration of parol evidence by nullifying agreements not included in the written agreement." *UAW-GM Human Resource Ctr v KSL Recreation Corp*, 228 Mich App 486, 507 n 14; 579 NW2d 411 (1998).

/s/ Michael J. Riordan